**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MAGGIE ROBBINS LAND INVESTMENTS, LLC, )
)
                        **Plaintiff,** )
)    **CIVIL ACTION**
v. )    **No. 10-1380-KHV**
)
BENTLEY OIL & GAS COMPANY, et al., )
)
                        **Defendants.** )
_____)

## ORDER TO SHOW CAUSE

On September 27, 2010, in the District Court of Lane County, Kansas, Maggie Robbins Land Investments, LLC filed suit against Bentley Oil & Gas Company, Charles H. Bentley, Peter C. Berry, Richard I. Galland, Richard E. Lombardi, Barbara Mitchell Otto Kent Family Trust, James P. Mitchell Jr. Family Trust, Juliene Gast, Phil John, Sue John, L.H. Moon Family Ltd., Threadbare Energy, Inc., Bruce M. Steer, Mitchell A. Hoselton and Victex, Inc. See Exhibit A to Doc. #1. On November 5, 2010, defendants removed the case to this Court. See Doc. #1. Defendants' sole basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. See id. ¶¶ 22-23.

Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Under Section 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1). A limited partnership, however, is considered a citizen of each state in which its general and limited partners are citizens. See Carden v. Arkoma Assoc., 494 U.S. 185 192-95 (1990). Similarly, a limited liability company is considered a citizen of each state of which its members are citizens. See Birdsong v. Westglen Endoscopy Ctr., LLC, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001); see also Pramco, LLC ex rel.

CFSC Consortium LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (in every circuit to consider issue, citizenship of LLC determined by citizenship of members). Here, neither the petition nor the notice of removal alleges the citizenship of each member of Maggie Robbins Land Investments, LLC. Therefore, on this record, the Court cannot determine whether diversity jurisdiction exists over this matter.

**IT IS THEREFORE ORDERED** that on or before **November 30, 2010,** defendants show good cause in writing why the Court should not remand the case for lack of subject matter jurisdiction.

Dated this 16th day of November, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge